UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------- x
In re VEECO INSTRUMENTS, INC.         :     Case No.: 7:05-md-01695 (CM)
SECURITIES LITIGATION                 :
---------------------------------------------------------- x
---------------------------------------------------------- x
THIS DOCUMENT RELATES TO              :
ALL ACTIONS                           :
---------------------------------------------------------- x

### DECLARATION OF PHYLLIS M. PARKER OF COMPLIANCE WITH FEDERAL RULE OF CIVIL PROCEDURE 37(a) AND LOCAL RULE 37 IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS CONCERNING VEECO'S INTERNAL INVESTIGATION

Phyllis M. Parker, hereby declares as follows:

I, Phyllis M. Parker, hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct:

1. I am a lawyer with the law firm of Berger & Montague, P.C., lead counsel for Plaintiffs in this litigation.

2. I submit this Declaration in support of Plaintiffs' Motion to Compel Production of Documents Concerning Veeco's Internal Investigation from Defendants in this Securities litigation.

3. This Declaration is made pursuant to Federal Rules of Civil Procedure 37 (a)(2)(A) and Local Rule 37. Counsel for Plaintiffs have attempted to and have conferred with counsel for Defendants Veeco Instruments, Inc. in good faith on numerous occasions in an attempt to resolve the discovery dispute at issue in this Motion to Compel.

4. On April 6, 2006, Lead Plaintiff served a First Set of Request For Production of Documents Directed to All Defendants, which included, *inter alia*, requests for the documents at

issue in this Motion, and on May 9, 2006, Defendants served its responses and objections to Plaintiffs' discovery requests. During the course of the production of documents, Plaintiffs sent a letter to Defendants on July 26, 2006, asking for the production of the documents at issue in this Motion.

5. On August 2, 2006, Plaintiffs sent a letter to Defendants asking Defendants to produce the privilege log concerning certain responsive documents of Veeco auditor Ernst & Young which Plaintiffs believed included the documents at issue in this Motion. On August 4, 2006, Defendants provided Plaintiffs with the privilege log of the Ernst & Young documents, which involved the documents at issue in this Motion.

6. In a final attempt to resolve the dispute without Court intervention, on August 10, 2006, Plaintiffs sent a letter to Defendants requesting Defendants to produce the documents at issue in this Motion. In the following week, counsel for Plaintiffs and Defendants exchanged telephone calls, and email and letter correspondence stating and offering support for their respective positions, but were unable to resolve the issue.

7. Plaintiffs' counsel telephoned Magistrate Judge George A. Yanthis on the morning of August 17, 2006 to request an informal conference prior to filing a motion to compel production of the documents, pursuant to Local Civil Rule 37.2 and the Individual Practices of Judge Yanthis, and explaining that we sought to file the motion by August 21, 2006 pursuant to the Scheduling Order entered by Judge McMahon in this case. Judge Yanthis' Clerk informed Plaintiffs' Counsel that we could proceed to file the Motion to Compel without the pre-motion conference.

Dated: August 21, 2006

Phyllis M. Parker