# EXHIBIT C

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------ x
In re VEECO INSTRUMENTS, INC.        :        Case No.: 7:05-md-01695 (CM)
SECURITIES LITIGATION                :
------------------------------------------------------ x
------------------------------------------------------ x
THIS DOCUMENT RELATES TO             :
ALL ACTIONS                          :
------------------------------------------------------ x
```

**LEAD PLAINTIFF STEELWORKERS PENSION TRUST'S RESPONSES
AND OBJECTIONS TO DEFENDANT VEECO INSTRUMENT INC.'S
FIRST SET OF INTERROGATORIES TO LEAD PLAINTIFF**

Pursuant to Rule 26 and Rule 33 of the Federal Rules of Civil Procedure and Rule 33.3 of

the Local Rules for the United States District Court for the Southern District of New York, Lead

Plaintiff Steelworkers Pension Trust ("Lead Plaintiff"), by its undersigned attorneys, objects and

responds as follows to Defendant Veeco Instruments Inc.'s First Set of Interrogatories:

**I.      GENERAL OBJECTIONS**

1.      Lead Plaintiff objects to these Interrogatories insofar as they purport to impose

obligations that are inconsistent with, or beyond those set forth in, the applicable Federal Rules of

Civil Procedure and the Local Rules of the United States District Court for the Southern District of

New York.  Lead Plaintiff objects to the Definitions and Instructions insofar as they conflict with

or seek to impose obligations on it beyond those of the Federal Rules of Civil Procedure.

2.      Lead Plaintiff objects to these Interrogatories insofar as they fail to state with

sufficient particularity the information and categories of information sought.

3.      Lead Plaintiff objects to these Interrogatories insofar as they seek or require the

disclosure of information that is protected from discovery by the attorney-client privilege and/or the

work-product doctrine or that they seek the disclosure of the identity/identities of confidential

witness(es). The inadvertent production of any information protected by an applicable privilege or doctrine, or to whose disclosure is otherwise objected, is not intended to constitute, and shall not constitute, a waiver in whole or in part of any privilege, doctrine, or objection.

4.      Lead Plaintiff objects to these Interrogatories insofar as they seek information that is protected by the right to privacy, financial or otherwise, including, without limitation, private financial information and similar information.

5.      Lead Plaintiff objects to these Interrogatories insofar as they are over broad and unduly burdensome.

6.      Lead Plaintiff objects to these Interrogatories insofar as they are vague or ambiguous.

7.      Lead Plaintiff objects to these Interrogatories insofar as they require Lead Plaintiff to draw legal conclusions.

8.      Lead Plaintiff objects to these Interrogatories insofar as the requested information is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

9.      Lead Plaintiff objects to each of the Interrogatories to the extent that they constitute contention interrogatories which are premature at this stage of the litigation, pursuant to Local Civil Rule 33.3(c). Under the Court's July 28, 2006 Revised Pretrial Scheduling Order, the deadline to complete fact discovery is January 31, 2007. Substantive depositions have not begun; moreover, Lead Plaintiff's motion to compel production of Defendants' documents concerning Veeco's internal investigation is pending before Magistrate Judge Yanthis.

10.     Lead Plaintiff reserves the right to supplement and/or amend its responses at the conclusion of discovery and/or in connection with its submission of pretrial materials.

11.    Lead Plaintiff objects to each of the Interrogatories on the ground that Defendants have improperly withheld discovery requested by Lead Plaintiff on the same topics for which Defendants now seek discovery concerning Lead Plaintiff's contentions, including documents that are the subject of Lead Plaintiff's pending Motion to Compel.

12.    Lead Plaintiff objects to each of the Interrogatories, Definitions and Instructions to the extent that they call for information that is not in its possession, custody, or control.

13.    Lead Plaintiff objects to each of the Interrogatories, Definitions and Instructions to the extent that they seek to require it to do more than use reasonable diligence to locate responsive information.

14.    Lead Plaintiff objects to each of the Interrogatories, Definitions and Instructions to the extent that they call for the production of information that is already in Defendants' possession, custody, or control, or to which Defendants have access equal to that of Lead Plaintiff.

15.    Lead Plaintiff objects to each of the Interrogatories, Definitions and Instructions to the extent that they do not provide reasonable time to prepare an adequate response.

16.    Lead Plaintiff objects to Interrogatories on the ground that they exceed the 25 interrogatory limit set forth in the Federal Rules because Interrogatories 4 through 8 each contain sub-parts.

17.    Each of the General Objections is incorporated below in each objection to a specific interrogatory, as if fully set forth therein.

18.    In responding to these Interrogatories, Lead Plaintiff intends to preserve, and not waive, the following:

3

(a)     All objections to the relevancy, materiality, and admissibility of any of the Interrogatories, the Responses and their subject matter;

(b)     All objections to the vagueness, ambiguity or other infirmity in the form of any of the Interrogatories, and any objections based on the undue burden imposed by them;

(c)     All rights to object on any ground to the use of any of the Responses, or their subject matter, in any subsequent proceedings, including the trial of this or any other action;

(d)     All rights to object on any ground to any other discovery requests involving or related to the subject matter of the Interrogatories;

(e)     The right to supplement its Responses to the Interrogatories before trial; and

(f)     Any and all privileges and rights under the applicable Federal Rules of Civil Procedure, the Local Rules of the Court or other statutes or common law.

19.     No incidental or implied admissions are intended in these Responses. Lead Plaintiff's Responses to all or any part of an Interrogatory should not be taken as an admission that: (a) Lead Plaintiff accepts or admits the existence of any facts set forth or assumed by the Interrogatories; or (b) Lead Plaintiff's Responses constitute admissible evidence. Lead Plaintiff's Response to all or any part of an Interrogatory also is not intended to be, and shall not be, a waiver by Lead Plaintiff of all or any part of its objections to that Interrogatory or Request for Production of Document.

20.     Lead Plaintiff objects to the definition of "you" and "your," as defined in ¶2 of the Definitions to the extent that it causes these Interrogatories to embrace material covered by the attorney-client privilege and/or the attorney work product immunity.

21.     The general objections set forth herein, and any objections to the specific Interrogatories set forth below, are made without prejudice to or waiver of Lead Plaintiff's right to

4

further object on all appropriate grounds to producing further documents or information, either prior to or at the time the documents or information are provided.

22.    The foregoing General Objections are hereby incorporated by reference into each Response herein.

## II.    OBJECTIONS TO INTERROGATORIES

**Interrogatory No. 1**

Identify the persons identified in the Complaint as CW1, CW2 and CW3.

**Objection to Interrogatory No. 1:**

In addition to and without waiver of the General Objections, which are incorporated herein, Lead Plaintiff objects to Interrogatory No. 1 on the grounds that it seeks information protected by the attorney work-product privilege, violates the right to privacy, and is unduly harassing and burdensome.  Plaintiffs are not required to reveal confidential sources. *See, e.g., In re Veeco Instruments, Inc. Secs. Litig.*, 235 F.R.D. 220, 229 (S.D.N.Y. 2006); *In re Cigna Sec. Litig.*, 2006 WL 263631 at * 1 (E.D. Pa. Jan. 31, 2006).

**Interrogatory No. 2**

Identify all persons (including current or former Veeco employees) who provided You with documents or other information at any time concerning the allegations in the Complaint.

**Objection to Interrogatory No. 2:**

In addition to and without waiver of the General Objections, which are incorporated herein, Lead Plaintiff objects to Interrogatory No. 2 on the grounds that it seeks information protected by the attorney-client privilege, work-product doctrine and other applicable privileges, violates the right to privacy and is unduly harassing and burdensome and is irrelevant.

5

**Interrogatory No. 3**

For each person identified in response to Interrogatory No. 2, identify the documents that the person provided to You.

**Objection to Interrogatory No. 3:**

In addition to and without waiver of the General Objections which are incorporated herein, Lead Plaintiff repeats his objections stated in the response to Interrogatory No. 2 above.

**Interrogatory No. 4**

With respect to the allegation in paragraph 34 of the Complaint that "Veeco began to manufacture critical precision components in-house instead of continuing to purchase them from reliable vendors as Emcore had done":

a)    identify any vendors or suppliers of "critical precision components" (as that term is used on paragraph 34 of the Complaint) with whom Veeco discontinued or altered its business relationship;

b)    identify all parts for TurboDisc products which Veeco began manufacturing "in-house" after November 3, 2003, and state which of those "in-house" manufactured components contributed to quality problems, customer dissatisfaction or increased warranty costs relating to TurboDisc products.

**Objection to Interrogatory No. 4:**

In addition to and without waiver of the General Objections which are incorporated herein, Lead Plaintiff objects to Interrogatory No. 4 on the grounds that such information is at least equally available to Defendants in that it may be derived or ascertained from information in Defendants' possession, custody and control, and to which Defendants have equal access as Lead Plaintiff. Lead

6

Plaintiff further objects that Interrogatory No. 4 is premature at this stage of the litigation to the extent that it is a contention interrogatory. Lead Plaintiff further objects because Defendants have withheld and refused to produce documents which would provide factual information which they now seek from Lead Plaintiff.

**Interrogatory No. 5**

With respect to the allegations concerning agreements between Veeco and Emcore (including the TSA) in paragraphs 45-56 of the Complaint:

a)    identify all persons with knowledge of Veeco's allegedly improper recognition of revenue relating to those agreements; and

b)    identify all persons with knowledge of the allegation in Paragraph 55 of the Complaint that "CW3 was specifically instructed by defendant Kiernan, Veeco's Vice President of Finance and Controller, at the direction of defendant Rein, to 'book . . . adjustments [to TSA revenue] in October' [2004];" and

c)    identify any documents evidencing any instructions from defendant Kiernan to CW3, or any instructions from defendant Rein to defendant Kiernan, concerning whether and how to book an adjustment to TSA revenue in 2004.

**Objection to Interrogatory No. 5:**

In addition to and without waiver of the General Objections which are incorporated herein, Lead Plaintiff objects to Interrogatory No. 5 on the grounds that it is seeks information protected by the attorney-client privilege, work-product doctrine and other applicable privileges, and improperly asks for the disclosure of the identity of a confidential witness. Lead Plaintiff further objects that Interrogatory No. 5 is unduly burdensome to the extent such information may be derived or

7

ascertained from documents and other sources in Defendants' possession, custody, and control and to which Defendants have equal or greater access than Lead Plaintiff. Lead Plaintiff further objects to the extent that Interrogatory No. 5 is a premature contention interrogatory. Lead Plaintiff further objects because Defendants have withheld and refused to produce documents which they believe will provide factual information which they now seek from Lead Plaintiff.

**Interrogatory No. 6**

With respect to the allegations in Paragraph 59 of the Complaint concerning "fictitious sign-offs" relating to the Sanan Group:

      a)     identify all persons with knowledge of the fictitious sign-offs;

      b)     identify all persons that solicited the fictitious sign-offs;

      c)     identify all persons that provided the fictitious sign-offs; and

      d)     identify all documents evidencing the fictitious sign-offs.

**Objection to Interrogatory No. 6:**

Subject to and without waiver of the General Objections, which are incorporated herein, Lead Plaintiff objects to the extent that this is a premature contention interrogatory. Lead Plaintiff further objects on the grounds that this interrogatory is unduly burdensome to the extent such information may be derived or ascertained from documents or other sources in Defendants' possession, custody, and control and to which Defendants have equal, or greater, access than Lead Plaintiff. Lead Plaintiff further objects because Defendants have withheld and refused to produce documents which would provide factual information which they now seek from Lead Plaintiff.

8

**Interrogatory No. 7**

With respect to the allegation in Paragraph 71 of the Complaint that "CW3 was instructed by defendant Kiernan at the direction of defendant Rein" to reverse a $250,000 warranty accrual:

    a)    identify all persons with knowledge concerning the proposed $250,000 warranty accrual;

    b)    state when defendant Kiernan gave the alleged instruction to CW3;

    c)    describe the manner in which the instruction was given (e.g., e-mail, telephone, fax, face to face meeting, etc.); and

    d)    identify any documents evidencing any instructions from defendant Kiernan to CW3, or any instructions from defendant Rein to defendant Kiernan, concerning the proposed $250,000 warranty accrual.

**Objection to Interrogatory No. 7:**

In addition to and without waiver of the General Objections which are incorporated herein, Lead Plaintiff objects to Interrogatory No. 7 on the grounds that it improperly asks for the disclosure of the identity of confidential witnesses. Lead Plaintiff further objects that this interrogatory seeks information that may be derived or ascertained from documents and sources in Defendants' possession, custody and control, to which Defendants have equal or greater access. Lead Plaintiff further objects that Interrogatory No 7 is essentially a contention interrogatory and is premature. Lead Plaintiff further objects because Defendants have withheld and refused to produce documents which would provide factual information which they seek from Lead Plaintiff.

9

**Interrogatory No. 8**

Identify all TurboDisc customers that ordered or purchased defective TurboDisc products, and for each such customer:

a)    identify the products that the customer received that it alleged were defective;

b)    describe the nature of the complaint; and

c)    identify the amount of defective Veeco products that the customer returned or refused to accept.

**Objection to Interrogatory No. 8:**

In addition to and without waiver of the General Objections which are incorporated herein, Lead Plaintiff objects to Interrogatory No. 8 on the grounds that it seeks information that may be derived or ascertained from documents or other sources in Defendants' possession, custody and control, and to which Defendants have equal or greater access than Lead Plaintiff. Lead Plaintiff further objects that this is essentially a premature contention interrogatory. Lead Plaintiff further objects because Defendants have withheld and refused to produce documents that they believe will provide factual information they now seek from Lead Plaintiff.

**Interrogatory No. 9**

Identify the amount of defective Veeco inventory (by product and number of units) that was junked or sold below cost between January 1, 2004 and April 1, 2005, and the date[s] on which such inventory was junked or sold below cost.

**Objection to Interrogatory No. 9:**

In addition to and without waiver of the General Objections which are incorporated herein, Lead Plaintiff objects to Interrogatory No. 9 on the grounds that such information may be derived

10

or ascertained from documents or other sources in Defendants' possession, custody or control, to which Defendants have equal or greater access, and that this is a premature contention interrogatory. Lead Plaintiff further objects because Defendants have withheld and refused to produce documents which would provide factual information which they now seek from Lead Plaintiff.

**Interrogatory No. 10**

Identify each and every statement made by Veeco that Plaintiff contends contains false statements of material fact and/or omits to state material facts necessary to make such statement not misleading.

**Objection to Interrogatory No. 10:**

Subject to and without waiver of the General Objections, which are incorporated herein, Lead Plaintiff further objects to the extent that this is a premature contention interrogatory. Lead Plaintiff further objects because Defendants have withheld and refused to produce documents which would provide factual information which they now seek from Lead Plaintiff.

**Interrogatory No. 11**

With respect to each alleged statement identified in the response to Interrogatory No. 10, identify who made each statement, when each statement was made, and where each statement was made.

**Objection to Interrogatory No. 11:**

Subject to and without waiver of the General Objections, which are incorporated herein, Lead Plaintiff further objects to the extent that this is a premature contention interrogatory. Lead Plaintiff further objects because Defendants have withheld and refused to produce documents which would provide factual information which they now seek from Lead Plaintiff.

**Interrogatory No. 12**

With respect to each statement identified in the response to Interrogatory No. 10, explain with particularity why each such alleged statement was materially false or misleading.

**Objection to Interrogatory No. 12:**

Subject to and without waiver of the General Objections, which are incorporated herein, Lead Plaintiff further objects to the extent that this is a premature contention interrogatory. Lead Plaintiff further objects because Defendants have withheld and refused to produce documents which would provide factual information which they now seek from Lead Plaintiff.

**Interrogatory No. 13**

With respect to each statement identified in the response to Interrogatory No. 10, identify all facts that Plaintiff contends evidence Veeco's scienter in making such alleged false statement or omission.

**Objection to Interrogatory No. 13:**

Subject to and without waiver of the General Objections, which are incorporated herein, Lead Plaintiff further objects to the extent that this is a premature contention interrogatory. Lead Plaintiff further objects because Defendants have withheld and refused to produce documents which would provide factual information which they now seek from Lead Plaintiff.

**Interrogatory No. 14**

With respect to each statement identified in the response to Interrogatory No. 10, state the amount of economic losses that Plaintiff contends were proximately caused by each such alleged statement, and explain in detail how Plaintiff contends such economic losses are calculated.

**Objection to Interrogatory No. 14:**

Subject to and without waiver of the General Objections, which are incorporated herein, Lead Plaintiff further objects to the extent that this Interrogatory is a premature contention interrogatory. Lead Plaintiff further objects that this interrogatory seeks information that is the subject of expert opinion. Lead Plaintiff's expert report is currently due on February 15, 2007 pursuant to the Court's July 28, 2006 revised pretrial scheduling Order.

**Interrogatory No. 15**

State the total amount of damages that Plaintiff contends are due to the putative class in this action, and explain in detail how Plaintiff contends such damages are calculated.

**Objection to Interrogatory No. 15:**

Subject to and without waiver of the General Objections, incorporated herein, Lead Plaintiff further objects that to the extent that this Interrogatory is a premature contention interrogatory. Lead Plaintiff further objects that this interrogatory seeks information that is the subject of expert opinion. Lead Plaintiff's expert report is currently due on February 15, 2007 pursuant to the Court's revised pretrial scheduling Order.

Dated: October 23, 2006

BERGER & MONTAGUE, P.C.

By: _____

Sherrie R. Savett
Phyllis M. Parker
Jeffrey L. Osterwise
Shoshana T. Savett
1622 Locust Street
Philadelphia, PA 19103
Telephone: (215) 875-3000
Facsimile: (215) 875-4674

14

## CERTIFICATE OF SERVICE

I hereby certify that on October 23, 2006, a true and correct copy of the foregoing Lead Plaintiff Steelworkers Pension Trust's Responses and Objections to Defendant Veeco Instruments Inc.'s First Set of Interrogatories to Lead Plaintiff was served upon the following Counsel via:

**E-mail:**

John A. Herfort, Esq.
Robert J. Serio, Esq
J. Ross Wallin, Esq.
Colin R. Young, Esq.
**GIBSON, DUNN& CRUTCHER LLP**
200 Park Avenue
New York, NY 10166

*Counsel for Defendants*

**First Class Mail Postage Pre-paid:**

Robert I. Harwood, Esq.
Jeffrey M. Norton, Esq.
Jennifer K. Hirsh, Esq.
**WECHSLER HARWOOD LLP**
488 Madison Avenue
New York, NY 10022

*Counsel for Derivative Plaintiffs*

**First Class Mail Postage Pre-paid Cont'd:**

Nadeem Faruqi, Esq.
Shane T. Rowley, Esq.
Beth Keller, Esq.
**FARUQI & FARUQI LLP**
320 East 39th Street
New York, NY 10016

Brian D. Penny, Esq.
**GOLDMAN SCARLATO & KARON, P.C.**
101 West Elm Street
Conshohocken, PA 19428

*Counsel for Derivative Plaintiffs*

Phyllis M. Parker

410323_00.wpd

15