# EXHIBIT F

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------x
In re VEECO INSTRUMENTS, INC.        :    MDL No.: 7:05-md-01695 (CM)
SECURITIES LITIGATION                :
-------------------------------------x
-------------------------------------x
THIS DOCUMENT RELATES TO             :
ALL ACTIONS                          :
-------------------------------------x

## JOINT STIPULATION AND [PROPOSED] ORDER TO REVISE PRETRIAL SCHEDULE

Subject to approval by the Court, the parties in the above action hereby agree that Fact Discovery in the above action will be completed by February 28, 2007 and Expert Discovery shall be completed by April 23, 2007, and also agree to the specific dates for discovery as set forth below.

On July 28, 2006, the Court ordered a revised pretrial schedule containing a Fact Discovery deadline of January 31, 2007 and an Expert Discovery deadline of March 23, 2007, in addition to other specific dates. The parties believe that an adjournment of the schedule is necessary at this time due to outstanding discovery issues pending before the Court and to scheduling conflicts, and have agreed to the following:

1. Fact Discovery shall be completed by February 28, 2007.

2. The Fact Discovery cut-off does not apply to:

   a. Discovery relating to motions that are pending at the time of the Fact Discovery cut-off;

   b. Discovery that has been ordered but that cannot be completed within the discovery period;

    c.    Discovery that is the subject of disputes among the parties for which a request to file a motion to compel has been made at the time of the Fact Discovery cut-off.

3. The parties shall identify their experts and produce expert reports by March 16, 2007.

4. Any rebuttal or supplemental reports shall be produced by April 2, 2007, with explanations as to which contents were not included in the original report. Expert depositions shall ensue thereafter.

5. Expert Discovery shall be completed by April 23, 2007.

Provided, however, that in the event that Fact Discovery is had after February 28, 2007, in accordance with the provisions set forth in Paragraph 2, above, the dates set forth in Paragraphs 3-5, above, shall be extended accordingly.

The parties shall make good faith attempts to resolve any discovery issues. By the Court's October 7, 2005 Order, Magistrate Judge Yanthis has been designated by the Court to resolve any discovery disputes.

This schedule may be modified by agreement of the parties for good cause with approval by the Court.

TOTAL P.06

AGREED TO BY:

BERGER & MONTAGUE, P.C.

*Carole Broderick*

Sherrie R. Savett, Esq.
Carole A. Broderick
Phyllis M. Parker, Esq.
Jeffrey L. Osterwise, Esq.
1622 Locust Street
Philadelphia, PA 19103
Tel: (215) 875-3000
Fax: (215) 875-4674

*Lead Counsel for Lead Plaintiff Steelworkers Pension Trust and the Class*

Dated: January 23, 2007

**IT IS SO ORDERED:**

Date: 26 Jan, 2007

GIBSON, DUNN & CRUTCHER, LLP

*Robert F. Serio /CB*

Robert F. Serio, Esq.
John A. Herfort, Esq
J. Ross Wallin, Esq.
200 Park Avenue, 47th Floor
New York, NY 10166
Tel: (212) 351-4000
Fax: (212) 351-4035

*Counsel for Defendants Veeco Instruments, Inc., Edward H. Braun, John F. Rein, Jr. and John P. Kiernan*

Dated: January 25, 2007

Honorable Colleen McMahon
United States District Court Judge

412714_03.wpd

1622 LOCUST STREET | PHILADELPHIA, PA 19103-6305 | phone 215/875-3000 | fax 215/875-4604 | www.bergermontague.com

# Berger & Montague, P.C.
ATTORNEYS AT LAW



SHERRIE RAIKEN SAVETT

WRITER'S DIRECT DIAL | 215/875-3071
WRITER'S DIRECT FAX | 215/875-5715
WRITER'S DIRECT E-MAIL | ssavett@bm.net

January 24, 2007

**Via Facsimile (914) 390-4152**
**(212) 805-6326**
**and Via Overnight Mail**

Honorable Colleen McMahon
United States District Judge
United States Courthouse
300 Quarropas Street, Room 533
White Plains, NY 10601-4150

    Re:   *In re: Veeco Instruments Inc., Securities Litigation*
           Case No: 7:05-md-01695 (CM)

Dear Judge McMahon:

    We represent Lead Plaintiff Steelworkers Pension Trust and the Class in the above action. We write on behalf of Plaintiffs and Defendants to submit a joint application for the Court's approval of the enclosed Joint Stipulation and [Proposed] Order to Revise the Pretrial Schedule. The proposed revised schedule extends the period for fact discovery by one month, to February 28, 2007, and makes a corresponding extension for expert discovery.

    The request for extension is due to the fact that the Individual Defendants and a principal finance executive of Defendant Veeco Instruments Inc., whose depositions Plaintiffs had noticed for the latter part of January, were and are unable to appear for their depositions at those times due to the need for them to complete work related to the close of Veeco's year-end books. As a result, it is not possible to take their depositions before the present fact discovery cut-off.

**Berger & Montague, P.C.**
ATTORNEYS AT LAW

Honorable Colleen McMahon
January 24, 2007
Page 2

Accordingly, the parties have agreed to the enclosed proposed revised schedule, which extends the existing deadlines by one month.[1] The parties respectfully request the Court's approval of this Stipulation.[2]

If the Court would like to discuss any of the terms of the Stipulation, we would be pleased to appear before the Court, in person or by telephone.

We greatly appreciate the Court's consideration of this matter.

Respectfully submitted,

*Sherrie R. Savett*
Sherrie R. Savett

Enclosures

cc: Honorable George A. Yanthis (via facsimile)
John A. Herfort, Esq/Robert F. Serio, Esq./J. Ross Wallin, Esq. (via e-mail)
Robert Harwood, Esq. (via e-mail)
Shane T. Rowley, Esq. (via e-mail)
Paul J. Scarlato, Esq. (via e-mail)

412743_03.wpd

---

[1] The proposed Order provides that discovery that is ordered after the discovery cut-off pursuant to motions pending or requested to be filed at the time of the discovery cut-off may be conducted after the discovery cut-off.

[2] The Court has previously granted an extension of the Scheduling Order in connection with a failed mediation.