UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------- x
In re VEECO INSTRUMENTS, INC.        :      Case No.: 7:05-md-01695 (CM)(GAY)
SECURITIES LITIGATION                :
---------------------------------------------------------- x
---------------------------------------------------------- x
THIS DOCUMENT RELATES TO             :
ALL ACTIONS                          :
---------------------------------------------------------- x

**LEAD PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO VACATE AND REVERSE, IN PART, THE DISCOVERY ORDER OF MAGISTRATE JUDGE GEORGE A. YANTHIS SIGNED JANUARY 26, 2007 PURSUANT TO <u>FEDERAL RULE OF CIVIL PROCEDURE 72</u>**

BERGER & MONTAGUE, P.C.
Sherrie R. Savett
Carole A. Broderick
Phyllis M. Parker
Jeffrey L. Osterwise
Shoshana T. Savett
1622 Locust Street
Philadelphia, PA 19103
Telephone: (215) 875-3000
Facsimile: (215) 875-4674

*Lead Counsel for Lead Plaintiff and the Class*

# **TABLE OF CONTENTS**

I.  INTRODUCTION .................................................... 1

II. ARGUMENT ......................................................... 5

    A.  The Legal Standard For Review of a Magistrate's Ruling Under
        Fed. R. Civ. P. 72 ............................................ 5

    B.  The Magistrate Did Not Offer a Reasoned Explanation For His Conclusion
        that Defendants' Interrogatories No. 4-13 Are Not Contention Interrogatories .. 6

    C.  Defendants' Contention Interrogatories No. 4-13 Are Premature Under
        Local Civil Rule 33.3(c) ...................................... 8

    D.  The Magistrate Failed to Discuss Whether Defendants' Interrogatories No.
        14 and 15 Are Contention Interrogatories and Misapplied Local Civil Rule
        33.3(a) as to These Interrogatories in Finding That Damage Discovery
        is Appropriate at This Stage of the Litigation ......................... 10

    E.  Fairness Dictates That Plaintiff Should Not Be Compelled to Answer
        Interrogatories No. 4-15 As Defendants Have Frustrated Plaintiff's
        Discovery Efforts And Thus Substantial Discovery is Yet to be Conducted .... 12

III CONCLUSION ..................................................... 13

## TABLE OF AUTHORITIES

**CASES**                                                                                           **PAGE(S)**

*B. Braun Medical v. Abbott Laboratory*,
    155 F.R.D. 525 (E.D. Pa. 1994) .................................................... 8

*Berger v. Iron Workers Reinforced Rodmen Local 201*,
    843 F.2d 1395 (D.C.Cir.1988) ................................................... 6, 10

*Catskill Development, LLC v. Park Place Entertainment Corp.*,
    206 F.R.D. 78 (S.D.N.Y. 2002) .................................................. 5, 6

*Convolve, Inc. v. Compaq Computer Corp.*,
    223 F.R.D. 162 (S.D.N.Y.2004) ................................................... 11

*Holland v. Island Creek Corp.*,
    885 F. Supp. 4 (D.D.C. 1995) .................................................. 6, 10

*In re Convergent Technologies Sec. Litigation*,
    108 F.R.D. 328 (N.D. Cal.1985) .................................................. 7, 8

*Lucente v. IBM*,
    262 F. Supp. 2d 109 (S.D.N.Y. 2003) ............................................... 5

*Nestle Foods Corp. v. Aetna Casualty & Surety Co.*,
    135 F.R.D. 101 (D.N.J.1990) ..................................................... 8

*S.E.C. v. Thrasher*,
    1995 WL 456402 (S.D.N.Y. Aug. 2, 1995) ............................................ 6

*Shannon v. NYC Transit Authority*,
    2001 WL 286727 (S.D.N.Y. 2001) ................................................... 9

*Tribune Co. v. Purcigliotti*,
    1997 WL 540810 (S.D.N.Y Sept. 3, 1997) ..................................... 7, 10, 11

*United States v. United States Gypsum Co.*,
    333 U.S. 364 S. Ct. 525 (1948) ................................................... 5

*Young v. Conductron Corp.*,
    899 F. Supp. 39 (D.N.H. 1995) ................................................... 5

*Ziemack v. Centel Corporation,*
    1995 WL 729295 (N.D. Ill. 1995) ........................................ 8

**FEDERAL STATUTES**

Fed. R. Civ. P. 72 .................................................... 1, 2, 5

I.  **INTRODUCTION**

Lead Plaintiff Steelworkers Pension Trust ("Plaintiff"), pursuant to Fed. R. Civ. P. 72, appeals, in part, the discovery order by Magistrate Judge George A. Yanthis dated January 26, 2007, granting, in part, Defendants' motion to compel responses to Defendants' Interrogatories in which the Magistrate granted Defendants' motion to compel responses to Interrogatories No. 4-15 on the grounds (1) that Interrogatories No. 4-13 are not contention interrogatories, and thus are not premature at this time; and (2) that Interrogatories No. 14 and 15, which seek Plaintiff's contentions regarding damages are not premature under Local Civil Rule 33.3, although expert discovery has yet to be conducted (the "Order").[1] Plaintiff appeals on the following grounds:

(a)  The Magistrate did not offer a reasoned explanation for his conclusion that Defendants' interrogatories, some of which contain the word "contend" are not contention interrogatories, but instead, offered only a single, conclusory statement concerning the issue, stating: "The Court concludes that said requests are not contention interrogatories." *See* Osterwise Decl., Ex. A, Order at 3. In addition, the Magistrate only applied this statement to Defendants' Interrogatories No. 4-13 and offered no statement concerning Plaintiff's assertion that Defendants Interrogatories No. 14 and 15 are also contention interrogatories. *See* Osterwise Decl., Ex. A, Order at 3. Furthermore, the Magistrate failed not only to consider Plaintiff's arguments and legal authority supporting Plaintiff's assertion that these interrogatories are contention interrogatories, but the Magistrate also neglected to consider Defendants'

---

[1] Plaintiff has attached hereto the Magistrate's January 26, 2007 Memorandum Decision and Order as Ex. A to the Declaration of Jeffrey L. Osterwise ("Osterwise Decl."). Other Exhibits are also attached to the Osterwise Declaration, and are referred to as "Osterwise Decl., Ex.____".

1

        own admission that Interrogatories No. 10-13 are arguably contention interrogatories. *See* Osterwise Decl., Ex. D at 6 n. 4.

(b)    The Magistrate misapplied Local Civil Rule 33.3(a), as it pertains to discovery of information related to damages. *See* Osterwise Decl., Ex. A, Order at 3. Local Civil Rule 33.3(a) states that "at the commencement of discovery, interrogatories will be restricted to those seeking . . . the computation of each category of damage alleged . . . " However, Defendants' Interrogatories No. 14 and 15 regarding damages seek information which far exceeds that permitted in Local Civil Rule 33.3(a) as they directly relate to other interrogatories which are contention interrogatories. Moreover, in addition to seeking a figure for the damages asserted, these interrogatories seek Plaintiff's legal contentions regarding causation and Plaintiff's theory regarding the proper method of calculating the damages caused by Defendants' false statements and are, therefore, themselves, contention interrogatories. As a result, Defendants Interrogatories No. 14 and 15 are premature prior to expert discovery.

Furthermore, fundamental considerations of fairness require that Plaintiff's responses to Defendants' interrogatories be delayed because, as a result of Defendants' misconduct, the parties have not yet conducted deposition discovery of critical witnesses and a large amount of document discovery. Defendants' behavior has recently necessitated an extension of the discovery schedule, and may cause further extensions.

Specifically, Plaintiff had planned to complete its depositions within the time allotted under the Court's previous fact-discovery schedule ending January 31, 2007. However, thirteen days

2

before the end of fact-discovery, Plaintiff received a letter from Defendants asking for an extension of the discovery schedule for the purposes of postponing depositions of witnesses whose depositions had been scheduled for the following weeks, Defendants demanded that depositions of their witnesses be taken on certain specified days. Plaintiff informed Defendants that it was by no means certain that those days would be acceptable, in view of other existing commitments, but that Plaintiff would agree to an overall extension of the discovery schedule. Nevertheless, since no discovery extension had been approved at that time, Plaintiff planned to proceed with its next deposition, which Plaintiff had already noticed. However, fearing that Defendants would take it upon themselves to fail to produce the deponent for deposition without notice to Plaintiff, counsel for Plaintiff telephoned counsel for Defendants and learned that their fears were well founded. *See* Osterwise Decl., Ex. E at 1.

Thus, if the Court had not approved the recent extension of the discovery schedule, as it did (Osterwise Decl., Ex. F), Plaintiff would have been deprived of the opportunity to depose a key witness in this case. As a result, and because of scheduling issues, the depositions of many key witnesses have yet to be taken.

In addition, Veeco's internal audit consultant provided to Plaintiff a highly relevant email that was sent to one of the Individual Defendants at a critical time during the Class Period which speculated that the conduct of the person who Defendants said was responsible for all of the accounting errors that caused the restatement of Veeco's financial statements, an issue central to this action, was either known incompetence or fraud. This email is particularly important because it was sent at a time when Defendants were continuing to assure investors about the reliability of the company's disclosure controls and the accuracy of the company's financial statements. However,

3

this email was not produced by Defendants in the course of their document production to Plaintiff.[2] As a result, counsel for Plaintiff immediately asked counsel for Defendants why the document had not been produced by Defendants and, receiving no response, repeated the inquiry and again received no response. Plaintiff was concerned by Defendants' failure to produce this document especially because Plaintiff only discovered the existence of the document when it was produced by a non-party, pursuant to Plaintiff's subpoena. It was not until counsel for Plaintiff informed counsel for Defendants that, unless they received a prompt response, Plaintiff would be forced to seek relief from the Court, that Plaintiff was told by Defendants that no attempt had been made to retrieve emails, even emails of the Individual Defendants, from back-up tapes. At no point before that had Defendants bothered to inform counsel for Plaintiff of this critical fact.

It would appear that Defendants' failure to search back-up tapes would account for the fact that Defendants produced a noticeable dearth of emails, for periods when there should have been many, from the files of several of the Individual Defendants and key witnesses. Plaintiff, therefore, believes that it still lacks highly relevant, indeed critical, evidence as a result of Defendants' failure to search the back-up tapes. Plaintiff intends to pursue this matter. By the terms of the current scheduling order, depositions are scheduled to be taken through the end of February. However, the schedule provides that fact-discovery deadline does not apply to, *inter alia,* discovery that is subject to certain disputes among the parties and disputes have already arisen which may require such an extension. *See* Osterwise Decl., Ex. F at 1-2.

---

[2]  In addition, Veeco's internal audit consultant produced another responsive email correspondence with this Individual Defendant.

4

Moreover, Plaintiff had also expected that substantial information would have been obtained through Defendants' responses to Plaintiff's interrogatories. Defendants refused to provide this information in their responses and Plaintiff intends to pursue more complete responses to these interrogatories. Plaintiff expects to use the information that it will receive from Defendants' more complete responses as a means to answer Defendants' interrogatories.

Not only does Local Civil Rule 33.3 limit contention interrogatories to the "conclusion of other discovery," but also, under the circumstances of this case, it is likely that fact-discovery will continue past its current deadline. It would be highly unfair for Defendants to take actions that prevent Plaintiff from obtaining information responsive to Defendants' interrogatories while simultaneously demanding that Plaintiff provide responsive information on multiple occasions, including during the time in which Plaintiff is attempting to complete its discovery.

## II.   ARGUMENT

### A.   The Legal Standard For Review of a Magistrate's Ruling Under Fed. R. Civ. P. 72

A District Court reviewing a non-dispositive pretrial order of a Magistrate, such as discovery orders, may modify or set aside any part of that order if it is clearly erroneous or contrary to the law. Fed. R. Civ. P. 72(a), *see also Catskill Dev., LLC v. Park Place Entm't Corp.*, 206 F.R.D. 78, 86 (S.D.N.Y. 2002)(McMahon, J.); *Lucente v. IBM*, 262 F.Supp. 2d 109, 111 (S.D.N.Y. 2003)(McMahon, J.). "A finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 542 (1948); *see also Young v. Conductron Corp.*, 899 F. Supp. 39, 40 (D.N.H. 1995)(a Magistrate's

5

finding of fact is clearly erroneous when it is contrary to clear weight of evidence or when court has definite and firm conviction that mistake has been committed). An order is deemed contrary to law "when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *S.E.C. v. Thrasher*, 1995 WL 456402, at *12 (S.D.N.Y. Aug. 2, 1995); *Catskill Dev.*, 206 F.R.D. at 86 (Magistrate misapplied the law by failing to give weight to explicit statements by a party which contradicted the ruling in that party's favor).

In addition, where the Magistrate's decision "does not offer a reasoned explanation for its decision, and merely adopts one party's arguments in their entirety, 'it is incumbent on the Court to check the adopted findings against the record 'with particular, even painstaking, care.' " *Holland v. Island Creek Corp.*, 885 F. Supp. 4, 6 (D.D.C. 1995)(quoting *Berger v. Iron Workers Reinforced Rodmen Local 201*, 843 F.2d 1395, 1408 (D.C.Cir.1988).

### B. The Magistrate Did Not Offer a Reasoned Explanation For His Conclusion That Defendants' Interrogatories No. 4-13 Are Not Contention Interrogatories.

The Magistrate devotes one line of his January 26, 2007 opinion to reaching the conclusion that Defendants' Interrogatories No. 4-13 are not contention interrogatories. This sole statement is as follows: "The Court concludes that said requests are not contention interrogatories." *See* Osterwise Decl., Ex. A, Order at 3. It is clear from the face of the January 26, 2007 opinion that the Magistrate did not offer a reasoned explanation for his conclusion regarding these contention interrogatories. Accordingly, at the very least, it is proper for the Court to vacate his decision regarding this issue.

Furthermore, Defendants' Interrogatories No. 4-13 are, in fact, contention interrogatories. Contention interrogatories "seek information about the factual bases underlying the claims and

6

contentions of an adverse party." *Tribune Co. v. Purcigliotti,* 1997 WL 540810, at *1 (S.D.N.Y Sept. 3, 1997). While Defendants may attempt to cloak their contention interrogatories as simply requests for information about persons with knowledge and relevant documents, these interrogatories are linked to specific allegations in the Complaint, often with reference to paragraph numbers, and seek the information which Plaintiff contends supports those allegations. *See* Osterwise Decl., Ex. B. Interrogatories which track specific allegations and which request plaintiffs to state the factual basis for those allegations sound like a "classic characterization of contention interrogatories." *See In re Convergent Technologies Sec. Litig.,* 108 F.R.D. 328, 346 (N.D. Cal. 1985). Defendants' interrogatories clearly "track specific allegations" in the Complaint and, in effect, call upon Plaintiff to identify the factual support for those allegations.

In addition, Defendants have even conceded that Interrogatories No. 10-13 are arguably contention interrogatories. *See* Osterwise Decl., Ex. D at 6 n. 4. These interrogatories are all linked to one another and ask Plaintiff to identify, among other things, "every statement made by Veeco which Plaintiff **contends** contain false statements of material fact" and "all facts that Plaintiff **contends** evidence Veeco's scienter." (emphasis added). *See* Osterwise Decl., Ex. B. Because these interrogatories ask Plaintiff to provide Defendants with the evidence that it contends supports essential elements of its claims, including seeking conclusions regarding Plaintiff's scienter allegations and Plaintiff's factual support for Defendants' statements that Plaintiff has asserted are false, these interrogatories cannot be anything but contention interrogatories.

### C. Defendants' Contention Interrogatories No. 4-13 Are Premature Under Local Civil Rule 33.3(c)

Because these are contention interrogatories, they are premature. The Southern District of New York has codified the principle that contention interrogatories need not be answered until the end of the discovery period. Under Local Rule 33.3, "[a]t the conclusion of other discovery, and at least 30 days prior to the discovery cut-off date, interrogatories seeking the claims and contentions of the opposing party may be served unless the court has ordered otherwise." It is clear from the language of this rule that the Southern District of New York intends for contention interrogatories to be answered **"at the conclusion of other discovery."**[3] (emphasis added). February 28, 2007, the deadline for fact-discovery under the Court's new scheduling order, signed January 26, 2007 (Osterwise Decl., Ex. F), is the earliest date which could conceivably be considered **"the conclusion of other discovery."** (emphasis added). As that date has not yet arrived, Defendants' motion to compel is premature as to the contention interrogatories.[4]

---

[3] Even where there is no local rule deferring contention interrogatories to the end of discovery, courts consistently interpret Rule 33(c) as establishing a policy of "deferring contention interrogatories until the end of the discovery period." *B. Braun Med. v. Abbott Lab.*, 155 F.R.D. 525, 526 (E.D. Pa. 1994) *citing In re Convergent Technologies*, 108 F.R.D. at 336; *see also, Nestle Foods Corp. v. Aetna Casualty & Surety Co.*, 135 F.R.D. 101, 111 (D.N.J. 1990) ("judicial economy as well as efficiency for the litigants dictate that contention interrogatories are more appropriate after a substantial amount of discovery has been conducted"). Indeed, even courts that have required parties to answer contention interrogatories in the middle of discovery embrace the idea that the general policy is to defer contention interrogatories until the conclusion of other discovery. *See generally, Ziemack v. Centel Corporation*, 1995 WL 729295, at *2 (N.D. Ill. 1995) ("The general policy is to defer contention interrogatories until discovery is near an end, in order to promote efficiency and fairness.").

[4] Defendants' have asserted that interrogatories must not be premature because Plaintiff served similar interrogatories on Defendants. However, the timing of Plaintiff's interrogatories actually supports Plaintiff's position. Some of Plaintiff's interrogatories are clearly contention interrogatories and Plaintiff served these interrogatories on Defendants on December 29, 2006, which at the time was approximately thirty days before the end of fact-discovery. The interrogatories

8

Not surprisingly, at least one Southern District of New York court has held that contention interrogatories are not proper until after depositions have been taken. *See Shannon v. NYC Transit Authority*, 2001 WL 286727 (S.D.N.Y. 2001). In briefing before the Magistrate, Defendants attempted to distinguish *Shannon* by noting that, in *Shannon*, no depositions had been taken and the court was issuing a revised scheduling order. This very aspect of *Shannon* makes it even more relevant to this case now than before. Here, Plaintiff has only taken three depositions, one of which was Plaintiff's deposition of key witness Bruce Huff, TurboDisc's former controller, taken on February 9, 2007, and Defendants have only taken one deposition, so far. In addition, on January 26, 2007, the Court approved the parties' stipulated order to extend the fact-discovery. A primary reason for the parties' extension request was to accommodate the scheduling of the depositions of Veeco executives, including the Individual Defendants. In addition, on January 23, 2006, the Magistrate granted Plaintiff permission to depose key witness Bruce Huff. It is entirely reasonable, and only fair, that Plaintiff's depositions of Mr. Huff and the Individual Defendants and other key witnesses should be conducted before Plaintiff is compelled to answer contention interrogatories. It is clear from the facts above that substantial discovery is not complete in this case. Accordingly, Defendants' Interrogatories No. 4-13 are premature and the Magistrate's Order compelling Plaintiff to provide answers to these interrogatories should be vacated and reversed.

---

that Plaintiff served on Defendants on August 2, 2006 were not contention interrogatories.

### D. The Magistrate Failed to Discuss Whether Defendants' Interrogatories No. 14 and 15 Are Contention Interrogatories and Misapplied Local Civil Rule 33.3(a) as to These Interrogatories in Finding That Damage Discovery is Appropriate at This Stage of the Litigation

Defendants' Interrogatory No. 14 asks Plaintiff to "state the amount of economic loses that Plaintiff **contends** were proximately caused" by each statement in Interrogatory No. 10 and Interrogatory No. 15 asks for "the total amount of damages that Plaintiff **contends**" are due to the class.(emphasis added) *See* Osterwise Decl., Ex B. Both Interrogatory No. 14 and 15 also require Plaintiff to "explain in detail how Plaintiff **contends** such" economic losses or damages are calculated. (emphasis added) *See* Osterwise Decl., Ex. B. The Magistrate acknowledged that Plaintiff contends that these interrogatories are contention interrogatories, but he provided no analysis to explain why that objection should be overruled and he failed to even address the issue. *See* Osterwise Decl., Ex. A, Order at 3.

For the reasons discussed in Section II(B), above, these interrogatories are clearly contention interrogatories. *See Tribune Co. v. Purcigliotti*, 1997 WL 540810, at *1 (S.D.N.Y Sept. 3, 1997). Further, the Magistrate's decision "does not offer a reasoned explanation for its decision, and merely adopts one party's arguments in their entirety," and "'it is incumbent on the Court to check the adopted findings against the record 'with particular, even painstaking, care.'" *Holland v. Island Creek Corp.*, 885 F.Supp. at 6 (quoting *Berger v. Iron Workers Reinforced Rodmen Local 201*, 843 F.2d at 1408.

In addition, the Magistrate also misapplied Local Civil Rule 33.3(a) to these interrogatories. Local Civil Rule 33.3(a) states that "at the commencement of discovery, interrogatories will be restricted to those seeking...the computation of each category of damage alleged...." While

10

Interrogatories No. 14 and 15 may be related to damages, they ask for much more than a "computation of each category of damage alleged." Instead, these interrogatories are explicitly linked to contention Interrogatory No. 10 and ask Plaintiff to reveal its legal conclusion regarding causation as to each statement that Plaintiff **contends** is false, as well as to provide Defendants with Plaintiff's legal theories regarding how damages suffered by a class of investors should be calculated. *See* Osterwise Decl., Ex. B. In briefing before the Magistrate Defendants assert that they do not seek Plaintiff's legal theory about damages. However, in the same breath, they assert that they do seek the way in which those damages are calculated. Defendants apparently fail to comprehend that the way in which damages are calculated is inextricably linked to Plaintiff's legal theories about damages. Because Defendants' Interrogatories No. 14 and 15 are broader in scope than those contemplated under Local Civil Rule 33.3(a) this local rule in not applicable to this dispute and, therefore, this rule cannot support the Magistrate's finding that these interrogatories are proper at this time. *See* Osterwise Decl., Ex. A, Order at 3 and Ex. B. In addition, because these interrogatories are contention interrogatories, they are premature under Local Civil Rule 33.3(c).

However, beyond being premature contention interrogatories under Local Civil Rule 33.3, these interrogatories are also premature because the parties have not yet conducted expert discovery regarding damages. In fact, the one case that Defendants cite to support their position that these interrogatories are timely actually demonstrates that these interrogatories are premature. *See Convolve, Inc. v. Compaq Computer Corp.,* 223 F.R.D. 162, 173 (S.D.N.Y. 2004)(ordering parties to answer interrogatories regarding damages after the close of "damage discovery"); *see also Tribune Co. v. Purcigliotti,* 1997 WL 540810, at *2 (S.D.N.Y Sept. 3, 1997)(denying interrogatory discovery which would be the subject of expert testimony on the ground that "the more practical means of

securing that information is through expert discovery.") Accordingly, Defendants' Interrogatories No. 14 and 15 are premature and the Magistrate's Order compelling Plaintiff to provide answers to these interrogatories should be vacated and reversed.

> E. **Fairness Dictates That Plaintiff Should Not Be Compelled to Answer Interrogatories No. 4-15 As Defendants Have Frustrated Plaintiff's Discovery Efforts And Thus Substantial Discovery is Yet to be Conducted**

Notwithstanding that Defendants' Interrogatories No. 4-15 are premature contention interrogatories and Interrogatories No. 14 and 15 are also premature prior to expert discovery, Defendants conduct during discovery has frustrated Plaintiff's attempts to acquire the information necessary to respond to Defendants' interrogatories. As discussed above, very few depositions of key witnesses have been conducted thus far, specifically no employee of Veeco, including the Individual Defendants, has been deposed. Plaintiff was prepared to conduct the depositions of these key witnesses in January, however Defendants asked Plaintiff to agree to an extension of the discovery schedule. Even before this extension was granted by the Court, Defendants indicated that they would not be making their witness available for Plaintiff's noticed deposition. Apparently, as stated above, Defendants would not have informed Plaintiff's counsel that they were not going to produce a deponent if Plaintiff's counsel had not taken the initiative to inquire about the matter. *See* Osterwise Decl., Ex. E.

In addition, Defendants objected to Plaintiff taking its own deposition of a key witness, former TurboDisc controller Bruce Huff, who Defendants assert was responsible for all of the accounting errors at Veeco's TurboDisc division. The Magistrate has permitted Plaintiff to conduct

this deposition and it is scheduled for February 9, 2007. Mr. Huff's deposition can be expected to yield information that will assist Plaintiff in responding to Defendants' interrogatories.

Finally, Defendants have recently informed Plaintiff, following several requests and after Plaintiff threatened to seek the Court's assistance, that Defendants did not conduct a search of back-up tapes for emails responsive to Plaintiff's documents requests. Defendants apparently did not even conduct a search of these tapes for the files of the Individual Defendants. This information, that Defendants did not conduct a search of back-up tapes, would likely remain unknown to Plaintiff if not for a non-party witness producing highly responsive email communications between the witness and Defendant Rein. These emails were produced in response to a document request served, pursuant to a subpoena, to the witness served in connection with Plaintiff's deposition subpoena. This apparent defect in Defendants' document production triggers Plaintiff's reasonable concern that Defendants possess additional responsive emails that will not only assist Plaintiff in answering Defendants interrogatories, but will also assist Plaintiff in proving its claims. As a result, compelling Plaintiff to answer Defendants' interrogatories at this time would unfairly disadvantage Plaintiff.

### III.  CONCLUSION

For the reasons discusses above Plaintiff respectfully requests that the Court vacate and reverse the Magistrate's Order to the extent the Order concerns Defendants' Interrogatories No. 4-15.

Dated: February 9, 2007

**BERGER & MONTAGUE, P.C.**

By: _____

Sherrie R. Savett
Carole A. Broderick
Phyllis M. Parker
Jeffrey L. Osterwise
Shoshana T. Savett
1622 Locust Street
Philadelphia, PA 19103
Telephone: (215) 875-3000
Facsimile: (215) 875-4674

*Lead Counsel for Lead Plaintiff and the Class*